I/S
21

1  DAVID R. SIMON, State Bar No. 145197
2  **SIMON LAW GROUP**
3  3843 S. Bristol St., Suite 294
   Santa Ana, CA 92704
4  Ph. (714) 975-1728
5  Email: dsimon1027@gmail.com

6  BRYAN W. PEASE, State Bar No. 239139
7  302 Washington St. #404
   San Diego, CA  92103
8  Tel:  (619) 723-0369
9  Fax:  (619) 923-1001
   Email:  bryanpease@gmail.com
10

11  Attorneys for Plaintiff Brian Han

12
               UNITED STATES DISTRICT COURT
13
14             CENTRAL DISTRICT OF CALIFORNIA

15  BRIAN HAN,                    )  Case No.  LACV14-8582 DDP(AJWx)
16                                )
17        Plaintiff,              )  **COMPLAINT FOR DAMAGES,**
                                  )  **VIOLATION OF CIVIL RIGHTS,**
18  v.                            )  **AND INJUNCTIVE RELIEF**
19                                )
20  CITY OF LOS ANGELES; Los      )
    Angeles Police Chief CHARLIE  )  **JURY TRIAL DEMAND**
21  BECK; Los Angeles Police Detective II )
22  RONALD CADE;  Los Angeles Police )
    Officer WELLS; Los Angeles Police )
23  Officer ANTHONY; and DOES 1-20, )
24  inclusive,                    )
                                  )
25        Defendants.             )
26                                )
27  _____)
28

**FILED**
CLERK, U.S. DISTRICT COURT

Nov 10, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY:  KM          DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT

NOV – 5 2014

CENTRAL DISTRICT OF CALIFORNIA
BY KM          DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT

NOV – 3 2014

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

1

COMPLAINT

## JURISDICTION AND VENUE

1.     This action arises under Title 42 United States Code ("U.S.C.") §1983 and California tort and statutory law.  The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and §1342 and has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367. The Court has jurisdiction to issue declaratory and/or injunctive relief pursuant to 28 U.S.C. §§2201 and 2202 and Federal Rule of Civil Procedure 57.

2.     Venue in this Court is proper as the acts and omissions alleged herein occurred in the City of Los Angeles, which is within the Central District of California.

3.     Plaintiff filed a timely claim under California Government Code §910 against the CITY OF LOS ANGELES.  The CITY denied Plaintiff's claim on July 14, 2014, and Plaintiff filed his initial Complaint within six (6) months of the denial of his claim, thus making his action against the CITY and other governmental defendants timely.

## PARTIES

4.     Plaintiff BRIAN HAN ("Plaintiff" or "Han") is a 50 year old, longtime resident of Los Angeles, California, and permanent United States resident.

5.     Defendant CITY OF LOS ANGELES ("CITY"), is a municipal entity under state law and within the meaning of, *inter alia*, 42 U.S.C. § 1983. Under California Government Code § 815.2(a), Defendant CITY OF LOS ANGELES is responsible for the acts and omissions of its employees committed during the course and scope of their employment. Under federal law, Defendant CITY OF LOS ANGELES is responsible for the deprivations of federally protected rights of citizens such as Plaintiff under principals laid out in *Monell v. Dept. of Social Services* 436 U.S. 658 (1978) and *City of Canton v. Harris* 489 U.S. 378 (1989).

6.     At all times relevant to this Complaint, Defendant CHARLIE BECK was the Chief of the LAPD and a policy maker.  As the Chief of the LAPD, Defendant BECK is responsible for setting and carrying out policy for the LAPD. He is also ultimately responsible for the supervision and control of all officers of the LAPD, all of whom are his subordinates.

7.     At all times relevant to this Complaint, Defendant DETECTIVE II RONALD CADE ("CADE") was a police officer employed by the CITY and the LAPD who was acting within the course and scope of his agency and employment for the LAPD and Defendant CITY.

8.     DOES 1-9 are LAPD officers who, together with Defendants CADE, WELLS and ANTHONY arrested Plaintiff on January 19, 2014, and/or witnessed the wrongful arrest and detention of Plaintiff and failed to intervene to protect Plaintiff.  At all times relevant to this Complaint, DOES 1-9 were acting within the course and scope of their agency and employment for the LAPD and Defendant CITY.

9.     DOES 10-20 are supervisory Defendants employed by the CITY and authorized, approved, ratified, and/or were in other ways responsible for the actions of DOES 1-9.

10.     Plaintiff is informed and believes and thereon alleges that each of said fictitiously named DOE Defendants is responsible in some manner for the acts, omissions, and damages alleged herein.  Plaintiff is unaware of the true names and capacities of the DOE Defendants, and, therefore, sues these Defendants under such fictitious names.  Plaintiff is furthermore informed and believes and thereon alleges that each of said fictitiously named Defendants was the agent, servant and employee of each and every other Defendant acting within the course and scope of his or her agency and employment and with the knowledge, ratification and consent of each respective principal.  Plaintiff will

1  seek leave to amend this Complaint when their true names and capacities have
2  been ascertained.

3                          **SCOPE OF EMPLOYMENT –**
4            **JOINT AND SEVERAL LIABILITY – NON IMMUNITY**

5       11.    Plaintiff alleges that all Defendants carried out the acts complained of
6  in their individual and official capacities and in the course and scope of their
7  employment and that all Defendants did so under color of authority.   All
8  supervisory Defendants, including BECK, and any other supervisory DOE
9  Defendants, are sued both in their individual and in their official capacities.

10      12.    The LAPD officer Defendants are liable for their conduct to the same
11 extent as a private person under California Government Code §820(a).

12      13.    The Defendants are jointly and severally liable for any damages
13 awarded.  Under California Government Code §825(a), the CITY is obligated to
14 pay any compensatory damages and costs awarded against their employees.

15      14.    Regarding all actions and causes of action herein alleged and stated,
16 all governmental defendants (including all DOE defendants) violated rights held
17 by Plaintiff which were clearly established and which they had a mandatory duty
18 to uphold.  No reasonable official similarly situated to any of the Defendants
19 could have believed that his/her conduct was lawful or within the bounds of
20 reasonable discretion.  All individual Defendants, including all DOE defendants,
21 thus lack immunity from suit or liability.  This extends both to statutorily created
22 immunity and to the judicially created doctrine of "qualified immunity."

23                        <u>**ALLEGATIONS OF FACT**</u>

24      15.    For the past several years, Plaintiff has been volunteering for an
25 organization called Vegan Outreach ("VO"), a 501(c)(3) nonprofit organization
26 working to expose and end cruelty to animals through the widespread distribution
27 of their booklets promoting plant-based eating and compassion for animals.

28

16.    VO distributes their booklets in shopping malls, at colleges and universities, at concerts and festivals, and in vegetarian-friendly restaurants and grocery stores, among other places.

17.    The Gilmore Farmer's Market is a large retail shopping center consisting of three contiguous areas located at Third and Fairfax in Los Angeles (the "Mall".)

18.    In *Robins v. Pruneyard Shopping Center* (1979) 23 Cal.3d 899 ("*Pruneyard*"), the California Supreme Court held that notwithstanding its nature as private property, a shopping mall is a quasi-public forum where the public has the right to engage in expressive activity such as outreach and picketing. *Pruneyard* allows a mall to adopt "reasonable regulations" as to the "time, place and manner" of expressive activity.  The Court most recently upheld *Pruneyard* and its progeny in *Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8* (2012) 55 Cal.4th 1083 ("*Ralphs*").  In this decision, the Court again found public forums to exist within shopping centers in areas "designed and furnished in a way that induces shoppers to congregate for purposes of entertainment, relaxation, or conversation ...." *Id.* at 1093.

19.    The Mall contains a Veggie Grill, which is a 100% plant-based eatery and one of Plaintiff's favorite restaurants. The Mall also contains a Trader Joe's, which sells many plant-based options that VO booklets encourage people to try. As such, Plaintiff determined the Mall was an ideal place to peacefully and unobtrusively pass out VO flyers to encourage plant-based eating.

20.    On December 8, 2013, at approximately 7:30 p.m., Plaintiff arrived at the Trader Joe's Store located in the Gilmore Station area of the Mall and began distributing literature about the benefits of a plant-based diet in a peaceful, lawful manner near a set of blue public benches organized so as to induce shoppers to congregate for purposes of entertainment, relaxation, or conversation.

21.     Approximately a half hour later, private security guards approached Plaintiff and demanded he cease passing out flyers and leave the area.  Plaintiff declined to do so, and approximately 20 minutes later LAPD Officers Velasco and Faulkner arrived. Officer Velasco informed all parties involved that Mr. Han had the legal right to continue doing what he was doing.

22.     At approximately 8:30 p.m., Plaintiff voluntarily left the Gilmore Station Trader Joe's store and walked across the street to the Farmers Market. At the time, Plaintiff did not know the main Farmers Market property was associated with Gilmore Station or that the same private security firm handled security at both areas. Shortly thereafter, the same security guards returned and advised Plaintiff that he was "banned" from the entire Mall, including the Gilmore Station property containing Trader Joe's as well as the Farmers Market. However, Plaintiff again declined to leave, and Plaintiff and the security guards again each called the police. LAPD officers Velasco and Faulkner returned, this time accompanied by Officer Tomeo, at approximately 8:50 p.m. Officer Tomeo informed the parties *again* that Mr. Han had a right to do what he was doing, and no arrest was made.

23.     Shortly after this incident, Mr. Han retained attorney David Simon, who on December 13, 2013 sent a letter to one of the owners of the Mall, A.F. Gilmore Company, advising that, *inter alia*, the Mall's rules for expressive activity contained numerous constitutional defects, Plaintiff intended to continue to engage in peaceful, lawful expressive activity at the Mall, and claims by security officers that Mr. Han was "banned" from the Mall had no legal basis and violated his civil rights.

24.     On December 20, 2013, Plaintiff returned to the Farmers Market at approximately 7:00 p.m., this time with three other volunteers. They began distributing VO literature again in a peaceful, lawful manner in the "plaza" area near public benches designed and furnished in a way to induce shoppers to

congregate for purposes of entertainment, relaxation, or conversation. At approximately 8:10 p.m., four security guards arrived and confronted Plaintiff. One of the guards again claimed Plaintiff was "banned" and must leave the Mall immediately. Plaintiff handed a copy of the December 13 letter to one of the guards and declined to leave. At approximately 8:40 p.m., LAPD Officers Winstanley and Martinez arrived. Officer Winstanley conferred with two security guards and advised Plaintiff that he saw no evidence of any criminal activity and that Plaintiff was free to remain at the Mall.

25.     During this conversation, which was recorded, Officer Winstanley stated: "However, because of the public access, this is, uh, they don't understand sometimes – they think we're security for the Grove or the farmers market, and that because of the private property, that it's owned by private ownership – it doesn't matter.  It's open to the public and thoroughfare, so you have an absolute right to be here." Officer Winstanley also stated, "They do have a right…they do have a right to ban you based on certain things.  They can do - again, the whole restraining order process and all that… So, if they want to go that way and get a court order to ban you from this property, then they can do that, like a no trespass order."

26.     However, the Mall never sought nor obtained any court order banning Plaintiff from the property, nor would there have been any legal basis for the Mall to do so. Accordingly, on December 27, 2013, Plaintiff again returned to the Farmers Market at approximately 7:00 pm to hand out literature in a peaceful, lawful manner in the "plaza" area. At approximately 8:20 p.m., security guards confronted Plaintiff and *again* stated to Plaintiff that he was "banned" and must leave the Mall immediately. Plaintiff again asserted that he had a legal right to be there. The four security guards then surrounded Plaintiff, handcuffed his hands behind his back, and took him to the security office.

27.     LAPD Officers Acquazura and Day arrived at the security office at approximately 10:00 p.m. on December 27, 2013. A security guard advised Officer Day that Plaintiff had been banned from the mall for "making threats." Officer Day then asked the guard to show him evidence that Plaintiff had made such threats. The guard showed Officer Day video footage on a digital camera, to which Officer Day responded, "You've got nothing." Officer Day then released Plaintiff from the handcuffs and told him there was no evidence he had committed any crime, and he was free to stay on the property if he desired. Officer Day also provided a business card one of Plaintiff's fellow volunteers, Jennifer Mack. On the card, Officer Day wrote, "NO EVID OF CRIME."

28.     On January 5, 2014, at approximately 4:00 p.m., Plaintiff returned to the Farmers Market to pass out literature again in the plaza area in a peaceful, lawful manner, this time accompanied by twelve other volunteers. At approximately 6:00 p.m., security guards arrived and confronted Plaintiff. They were accompanied by LAPD Officers Tomeo, Krish and Sanchez. The same security guard who had previously arrested and been ordered by police to release Plaintiff yet again told Plaintiff that he was "banned" from the property and must leave immediately. Plaintiff's attorney, David Simon, was also present on this occasion, and he discussed the situation with Officer Tomeo. Officer Tomeo stated he saw no evidence of any crime, that security guards' requests for Plaintiff to leave was a civil matter rather than a criminal one, LAPD would not get involved, and Plaintiff could remain on the property if he wished.

29.     On January 12, 2014 at approximately 4:20 p.m., Plaintiff again returned to the Farmers Market to peacefully and lawfully distribute literature in the plaza area, this time accompanied by nine other volunteers. At approximately 5:50 p.m., security guards arrived and confronted Plaintiff. They were accompanied by three LAPD officers. The same guard who had previously arrested Plaintiff and had been repeatedly told by LAPD officers he had no right

1    to do so again told Plaintiff he was "banned" from the Mall and that he must leave

2    immediately. However, the LAPD officer in charge again agreed with Plaintiff

3    and stated he had a right to remain on the premises and peacefully pass out

4    literature.

5         30.    On January 15, 2014, Plaintiff's counsel, David Simon, received a

6    voicemail from Defendant CADE requesting Plaintiff's date of birth. CADE

7    disingenuously claimed he needed the birth date "to process some paperwork"

8    related to the expressive activity at Farmer's Market. Because up until that point

9    the individual LAPD officers responding to complaints by security guards at the

10   Farmer's Market had been helpful in upholding the law, including Plaintiff's right

11   to continue engaging in expressive activities on the premises, Plaintiff's counsel

12   emailed this information to Defendant CADE with the consent of Plaintiff.

13   Plaintiff's counsel also attached to the email a lawsuit counsel had just sent for

14   filing on Plaintiff's behalf in Los Angeles Superior Court against the owners of

15   the Farmer's Market and the security guards, challenging the mall's rules for

16   expressive activity and seeking damages for the false citizen's arrest of Plaintiff

17   that had been carried out by the private security guards on December 27, 2013.

18        31.    On January 17, 2014, the court clerk received and filed the lawsuit,

19   *Han v. A.F. Gilmore Company*, Los Angeles Superior Court case number BC

20   533729.

21        32.    On January 19, 2014 at approximately 4:30 p.m., Plaintiff again

22   returned to the Farmers Market, this time with nine other volunteers to peacefully

23   distribute VO literature. At approximately 5:20 p.m., independent legal observer

24   Lawrence Ziese from the California Association of Legal Observers went to the

25   Farmers Market security office where the security guard who had previously

26   arrested Plaintiff was working. The guard told Mr. Ziese he was "looking

27   forward" to specific events he expected would occur that evening.

28

33.    At approximately 6:30 p.m., the volunteers completed their expressive activity of passing out VO literature and walked to the Veggie Grill restaurant in the Mall with the intention of dining there. However, at approximately 6:45 p.m., security guards, accompanied by Defendant CADE, who was dressed in plainclothes, surrounded Plaintiff while he was in line to order food at the Veggie Grill restaurant. Plaintiff was not engaged in expressive activity at the time and was only attempting to dine at the restaurant.

34.    The same private security guard who had previously arrested Plaintiff then said he was placing Plaintiff under arrest and handcuffed Plaintiff's hands behind his back. No arrest warrant was provided to Plaintiff, nor was there any evidence that any of the parties involved in the arrest possessed a warrant. Defendant CADE, who was not wearing any uniform or displaying a badge, had still not identified himself as a police officer, and he failed to intervene to protect Plaintiff's rights. The security guards then manhandled Plaintiff, again parading him through the Farmers Market in handcuffs to the security office, with Defendant CADE walking with them. There the guards handcuffed Plaintiff to a bench for about a half hour, all the while Plaintiff was complaining the handcuffs were too tight, and that being handcuffed behind his back was causing shoulder pain to a preexisting shoulder injury.

35.    More LAPD officers including Defendants WELLS, ANTHONY and DOES 1-9 eventually arrived at the Farmers Market security office, where they removed Plaintiff from the bench where he was handcuffed and took him to the LAPD Wilshire station for booking. Defendant CADE, WELLS, ANTHONY and the other LAPD officers again handcuffed Plaintiff's hands behind his back before putting him in the patrol car, which had hard plastic seats. Plaintiff again complained the handcuffs were too tight, and that being handcuffed behind his back and being forced to sit on hard plastic seats in the back of a patrol car was

1  causing further injury to his shoulder. However, Defendants refused to provide
2  any relief to Plaintiff.

3       36.    Plaintiff was released from booking at the LAPD Wilshire station at
4  approximately 8:30 pm and received a Notice to Appear for violation of Penal
5  Code § 602.1(a).

6       37.    When Mr. Han appeared in court on the date and time indicated in
7  the Notice to Appear, he was informed that he was not on that court's docket.
8  Subsequent correspondence and telephone calls between Plaintiff's attorney David
9  Simon and CITY suggest that CITY does not intend to prosecute Plaintiff for the
10 events that preceded and precipitated his arrest on January 19, 2014.

11      38.    Plaintiff is informed and believes, and thereon alleges, that
12 Defendants CADE, WELLS, ANTHONY and DOES 1-9 arrested him pursuant to
13 plans and policies promulgated by Defendant BECK and DOES 10-20 which
14 permitted and/or encouraged LAPD officers to employ illegal tactics (including
15 wrongful arrests and excessive force) in an attempt to dissuade certain targeted
16 individuals from engaging in peaceful expressive activity.

17      39.    At all material times, the actions or omissions of each individual
18 defendant set forth herein were objectively unreasonable, intentional, wanton,
19 willful, reckless, malicious, and demonstrated a deliberate indifference to
20 Plaintiff's rights.

21      40.    As a result of the foregoing acts and omissions by Defendants,
22 Plaintiff suffered physical, mental and emotional damages including, but not
23 limited to, intense wrist and shoulder pain due to police cinching the handcuffs too
24 tightly around his wrists, shame over his public arrest, fear, and emotional
25 distress.

26      41.    Plaintiff has already brought suit in state court against the private
27 security guards who arrested him in *Han v. A.F. Gilmore Company*, Los Angeles
28 Superior Court case number BC 533729. By way of the present federal action,

Plaintiff seeks to hold the government officials accountable for their acts and omissions depriving Plaintiff of rights guaranteed under federal and state law.

### FIRST CAUSE OF ACTION

**42 U.S.C. §1983 - Unlawful Seizure, Arrest, Detention and Imprisonment**

**(Against BECK, CADE, WELLS, ANTHONY and DOES 1-9)**

42.     Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

43.     Title 42 U.S.C. §1983 states in pertinent part: "Every person who, under color of [law] subjects, or causes to be subjected, any person of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law [or equity]."

44.     At the time of his arrest, Plaintiff had a clearly established right to be free from arrest without probable cause.

45.     Despite this fact, Defendants CADE, WELLS, ANTHONY and DOES 1-9, illegally seized, arrested, detained and imprisoned Plaintiff on January 19, 2014, when Plaintiff was attempting to dine at a restaurant after he finished peacefully and unobtrusively passing out literature on the benefits of plant-based eating in a "plaza" area of the Mall without incident.

46.     Defendants CADE, WELLS, ANTHONY and DOES 1-9 carried out this arrest without probable cause and/or a warrant and deprived Plaintiff of his constitutional rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

47.     All Defendant officers present at Plaintiff's arrest who did not personally touch Plaintiff, or order that Plaintiff be touched, did <u>not</u> in any way attempt to stop their fellow officers from violating Plaintiff's constitutional rights, despite the fact that said Defendants knew (or, in the exercise of reasonable care, should have known) that arresting and detaining Plaintiff was unconstitutional and

1   unlawful.

2       48.   In committing these acts and omissions, Defendants acted in the

3   course and scope of their employment and under the color of law.

4       49.   At no time did Plaintiff give valid consent to Defendants' unlawful

5   actions.  Plaintiff did not threaten or resist Defendants, nor did Plaintiff ever fail to

6   comply with a lawful order issued by Defendants.

7       50.   In committing the acts and omissions alleged herein, Defendants

8   CADE, WELLS, ANTHONY and DOES 1-9 acted with malice, oppression and

9   conscious disregard of Plaintiff's rights and with the intent to cause harm and/or

10  offense to Plaintiff.

11      51.   Plaintiff is entitled to compensatory damages, punitive damages, and

12  attorney fees under 42 U.S.C. §1988 and all applicable law, and to any other such

13  relief as the Court deems just and appropriate.

14                   **SECOND CAUSE OF ACTION**

15  **42 U.S.C.  §1983 - Unconstitutional Retaliation and Chilling of Plaintiff's**

16    **Rights of Free Speech and Assembly in Violation of 1st Amendment**

17      **(Against BECK, CADE, WELLS, ANTHONY and DOES 1-20)**

18      52.   Plaintiff re-alleges and incorporates by reference all prior paragraphs

19  of this Complaint as though each were set forth herein in full.

20      53.   Immediately prior to his arrest in this case, Plaintiff was exercising

21  his First Amendment rights by being present in a public forum area of the Mall

22  and engaging in a peaceful expressive activity, to wit, distributing leaflets about

23  the benefits of a plant-based diet.

24      54.   Plaintiff made a good faith effort to advise both the owner of the

25  Mall and the LAPD of his legal right to distribute literature through his lawyer,

26  who engaged in back and forth written communication with counsel for the mall

27  as well as Defendant CADE prior to the January 19, 2014 arrest.

28

55.     Neither Defendant CADE, WELLS, ANTHONY, DOES 1-9, nor anyone else ever provided Plaintiff with any legal explanation as to why he could not continue passing out flyers in the public forum areas of the Mall. In fact, all previous LAPD officers who had responded to the same activity over the course of several weeks had confirmed Plaintiff was within his rights and the security guards could not arrest him.

56.     Defendant CADE, WELLS, ANTHONY and DOES 1-9 wrongfully arrested and physically punished Plaintiff for exercising his rights under policies promulgated by BECK and DOES 10-20 that allowed "higher up" decisions to be made to violate the rights of peaceful protesters.

57.     Plaintiff was never charged with any crime stemming from his arrest.

58.     Plaintiff suffered physical, mental, and emotional harm and damages as a result of Defendants' illegal conduct.

59.     In committing the acts and omissions alleged herein, Defendants CADE, WELLS, ANTHONY and DOES 1-9 acted with malice, oppression and fraud and with the intent to cause harm and/or offense to Plaintiff.

60.     Plaintiff is entitled to compensatory damages, punitive damages, and attorney fees under 42 U.S.C. §1988 and all applicable law, and to any other such relief as the Court deems just and appropriate.

### THIRD CAUSE OF ACTION

### 42 U.S.C. §1983 – Excessive Force

### (Against CADE, WELLS, ANTHONY and DOES 1-9)

61.     Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

62.     Defendants CADE, WELLS, ANTHONY and DOES 1-9 used unreasonable and excessive force upon Plaintiff when they forcefully cinched handcuffs on Plaintiff's wrists on January 19, 2014 at the Farmer's Market shopping center, thereby violating Plaintiff's clearly established rights under the

1    Fourth and Fourteenth Amendments of United States Constitution.

2         63.    At no time did Plaintiff give valid consent to any of the Defendants'

3    unlawful actions described herein.  Plaintiff further alleges that Defendants acted

4    in the course and scope of their employment with the City and thereby acted under

5    color of law.

6         64.    In committing the acts alleged herein, Defendants acted with malice,

7    oppression and conscious disregard of Plaintiff's rights.  Plaintiff is entitled to

8    punitive damages from Defendants CADE, ANTHONY, WELLS and DOES 1-9

9    in an amount sufficient to punish and deter such conduct, according to proof at the

10   time of trial.

11                     **FOURTH CAUSE OF ACTION**

12                  *Monell* **Claim – 42 U.S.C. §1983**

13            **(Against Defendants CITY, BECK, and DOES 10-20)**

14        65.    Plaintiff re-alleges and incorporates by reference all prior paragraphs

15   of this Complaint as though each were set forth herein in full.

16        66.    *Monell v. Department of Social Services of the City of New York*

17   (1978) 436 U.S. 658, holds that a municipal entity may be held liable for

18   violations of Constitutional rights committed by its law enforcement officers if the

19   violation was based on either (1) a widespread practice that, although not

20   authorized by written law or express municipal policy, is so permanent and well

21   settled as to constitute a custom or usage with the force of law, or (2) the decision

22   of a person with "final policymaking authority."

23        67.    Defendants CADE, WELLS, ANTHONY and DOES 1-9 violated

24   several of Plaintiff's clearly established constitutional rights while acting under

25   color of authority during the course and scope of their work as LAPD officers.

26   These included violations of rights guaranteed to Plaintiff by the First, Fourth, and

27   Fourteenth Amendments to the Constitution of the United States.

28

68.     On information and belief, the actions of Defendants CADE, WELLS, ANTHONY and DOES 1-9 were part of a wider pattern and practice of illegal conduct toward targeted peaceful protesters whom the CITY, LAPD and BECK wanted to "send a message to."

69.     This pattern and practice of illegal conduct, which included the excessive use of force by LAPD officers and the wrongful arrests of protestors, was approved and encouraged by CITY and LAPD policy makers such as Chief BECK and DOES 1-20.

70.     On information and belief, Plaintiff alleges that Defendants BECK and DOES 1-20 promulgated a policy, practice, or custom in the LAPD which tolerated and encouraged "higher up" LAPD officers such as Detective CADE to harass certain targeted peaceful protesters.  This harassment consisted of wrongful arrests and imprisonment and the use of excessive force against such individual.

71.     The decision to falsely arrest and imprison Plaintiff on January 19, 2014--and the application of the handcuffs in a manner that was too tight and which was designed to cause Plaintiff to suffer pain--were part and parcel of the departmental policy of harassing certain targeted peaceful protesters promulgated and encouraged by Defendants BECK and/or other DOE supervisory Defendant employees of the CITY with final policymaking authority.

72.     Defendants CADE, WELLS, ANTHONY and DOES 1-9 were acting in accordance with the policy of using wrongful arrests and excessive force against certain targeted peaceful protesters when they wrongfully arrested and used excessive force against Plaintiff.

73.     When confronted with the fact that Defendants CADE, WELLS, ANTHONY and DOES 1-9 had illegally arrested Plaintiff and used excessive force used against him, Defendants BECK and other DOE supervisory CITY employees with final policymaking authority ratified the illegal conduct of the Defendants CADE, WELLS, ANTHONY and DOES 1-9.

74.     Overall, the pattern and practice of the LAPD and the CITY, and of the individuals with final policymaking authority within them, was such that there was a permanent and settled culture which encouraged the wrongful arrest of, and the use of excessive force against, individuals like Plaintiff who were repeatedly exercising their constitutional rights.

75.     The acts and omissions of Defendants Chief BECK and the other DOE CITY employees with final policy-making authority demonstrate deliberate indifference to the violation of Plaintiff's constitutional rights and were the direct and proximate cause of the injuries Plaintiff suffered.

76.     An example of a strikingly similar false arrest carried out by LAPD officers against other peaceful protesters spreading a message of compassion to animals pursuant to the official policy challenged here is currently being litigated in this Court, *Carbone v. City of Los Angeles*, U.S. District Court case number CV-13-07493-AJW. In *Carbone*, three women, one of whom is an attorney, were peacefully handing out flyers about animal cruelty at the Shrine Circus on a public sidewalk outside of Shrine Stadium when an agent of the circus called the police. The private agent then placed the women under citizen's arrest, and the police handcuffed the women and arrested them. One of the women had a preexisting shoulder injury and complained that the handcuffs were too tight, and that being forced to sit with her hands behind her back in the patrol car was aggravating her injury. The LAPD refused to loosen the cuffs, which were not necessary to begin with, and also refused to handcuff her in front to avoid aggravating the injury.

77.     Plaintiff asserts liability directly against the CITY and Defendants BECK and/or other DOE supervisory Defendants with final policymaking authority in their individual and official capacities for the violations set forth herein.

/ / /

/ / /

78.     Accordingly, Plaintiff is entitled to recover compensatory damages, attorney fees under 42 U.S.C. §1988, and all applicable law, and any other such relief as the Court deems just and appropriate.

### FIFTH CAUSE OF ACTION

### 42 U.S.C. §1983 – Failure to Train

### (Against Defendants CITY, BECK, and DOES 10-20)

79.     Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

80.     On information and belief, Plaintiff alleges that Defendants CITY, BECK, and DOES 10-20, as a matter of custom, practice, and policy, failed to maintain adequate and proper training of LAPD officers regarding:

(a)   the Constitutional rights of citizens and arrestees;

(b)   preventing arrests of protestors without probable cause;

(c)   preventing the use of excessive force against arrestees; and

(d)   preventing extra-judicial, retaliatory punishment of protestors and activists by LAPD officers.

81.     Defendants CITY, BECK, and DOES 10-20 failed to provide adequate training to LAPD officers regarding the fact that individuals may only be arrested based upon the existence of probable cause.

82.     Defendants CITY, BECK, and DOES 10-20 failed to provide adequate training to LAPD officers on preventing the use of excessive force by officers against arrestees.

83.     Defendants CITY, BECK, and DOES 10-20 knew, or should have known, that their training program was inadequate because of a pattern of similar violations by LAPD officers against other peaceful demonstrators and they further knew or should have known that this inadequate training program was likely to result in the violation of the constitutional rights of Plaintiff and other similarly situated individuals.

84.     Despite this knowledge, Defendants CITY, BECK, and DOES 10-20 disregarded a duty to protect the public from official misconduct.

85.     The failure of Defendants CITY, BECK, and DOES 10-20 to promulgate and maintain constitutionally adequate training was done with deliberate indifference to the rights of Plaintiff and other similarly situated individuals.

86.     As a direct and proximate result of the constitutionally inadequate training of Defendants CADE, WELLS, ANTHONY and DOES 1-9 by Defendants CITY, BECK, and DOES 10-20, Plaintiff suffered the injuries and damages alleged herein.

87.     Accordingly, Plaintiff is entitled to recover compensatory damages, attorney fees under 42 U.S.C. §1988, and all applicable law, and any other such relief as the Court deems just and appropriate.

**SIXTH CAUSE OF ACTION**

**Violation of Plaintiff's California Civil Rights ("Bane Act")**

**(Against Defendants CADE, WELLS, ANTHONY and DOES 1-9)**

88.     Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

89.     The California Civil Rights statutes, commonly known as the "Bane Act" (California Civil Code §§51-52, *et seq*.), provide protection against interference with an individual's statutory or constitutional rights by force, violence, threats, intimidation, or coercion.

90.     These protected rights include, *inter alia*, association, assembly, due process, equal protection, free expression, free speech, use of public facilities, and the right to vote.

91.     Here, Defendants are liable to Plaintiff for violating the California Civil Rights laws in that they used force and violence against Plaintiff (to wit, the false arrest and imprisonment of Plaintiff and the subsequent excessive force used

19

<small>COMPLAINT</small>

in handcuffing Plaintiff) for the express purpose of preventing Plaintiff from exercising his right to engage in peaceful expressive activity on the privately owned portion of the Farmer's Market plaza that was held open to the general public and served as a public forum under *Pruneyard* and *Ralphs*.

92.   The rights of Plaintiff which were violated by Defendants were guaranteed, *inter alia*, by the First Amendment to the Federal Constitution; Article I, sections 1, 2, 7 and 13 of the California Constitution; California Civil Code §1708; and California common law.

93.   The false arrest and imprisonment of Plaintiff, who was doing nothing more than peacefully distributing leaflets, was intended to, and did, send a threatening message to Plaintiff and other similarly situated individuals who sought to peacefully and legally exercise their constitutionally and statutorily protected rights.

94.   This conduct by Defendants violated, *inter alia*, California Civil Code §51.7, §52.1, and §52.3.

95.   The acts and omissions of Defendants, and each of them, proximately and foreseeably caused Plaintiff to suffer the damages, injuries, and losses alleged herein.

96.   Defendants CADE, WELLS, ANTHONY and DOES 1-9 intentionally interfered with Plaintiff's civil rights by means of force, violence, threats, intimidation, or coercion when they wrongfully arrested Plaintiff and used excessive force against him.

97.   Defendants CITY, BECK, and DOES 10-20 are liable because the conduct of Defendants CADE, WELLS, ANTHONY and DOES 1-9 occurred during the course and scope of these Defendants' employment and was part of a pattern and practice of illegal conduct approved by Defendants BECK and DOES 10-20 that was designed, on information and belief, to deprive certain targeted peaceful protesters of their civil rights by means of force, violence, threats,

1  intimidation, and coercion.  The tactics used pursuant to the illegal policies
2  promulgated by Defendants BECK and DOES 10-20 including the precise tactics
3  used against Plaintiff:  to wit, false arrest and imprisonment and excessive force.

4      98.    Upon learning that Defendants CADE, WELLS, ANTHONY and
5  DOES 1-9 had intentionally interfered with Plaintiff's civil rights by means of
6  force, threats, violence, intimidation, and coercion, Defendants BECK and DOES
7  10-20 condoned, ratified, and approved said conduct.

8      99.    Pursuant to California Civil Code §52(a) and (b), Plaintiff is entitled
9  to up to three times his actual damages, to exemplary damages against all
10 individual defendants, to a civil penalty of $25,000 for each violation of his rights,
11 and to reasonable attorneys' fees in an amount to be determined by the Court.

12              **SEVENTH CAUSE OF ACTION**
13      **False Imprisonment – California State Law Tort Claim**
14   **(Against Defendants CADE, WELLS, ANTHONY and DOES 1-9)**

15     100.   Plaintiff re-alleges and incorporates by reference all prior paragraphs
16 of this Complaint as though each were set forth herein in full.

17     101.   Defendants CADE, WELLS, ANTHONY and DOES 1-9 physically
18 restrained Plaintiff (thereby effectuating the false arrest) despite the fact that a
19 reasonable officer in the position of Defendants CADE, WELLS, ANTHONY and
20 DOES 1-9 would have known that Plaintiff had violated no laws, that probable
21 cause to arrest and/or detain Plaintiff did not exist, and that arresting and/or
22 detaining Plaintiff violated Plaintiff's constitutional rights under clearly
23 established law.

24     102.   Under California Government Code §820(a), public employees like
25 Defendants CADE, WELLS, ANTHONY and DOES 1-9 are liable to Plaintiff for
26 injury caused by their acts and omissions to the same extent as private persons
27 would be for the same conduct.

28

103.   Defendants CADE, WELLS, ANTHONY and DOES 1-9 were acting within the course and scope of their employment with Defendant CITY when they falsely imprisoned Plaintiff.   Accordingly, Defendant CITY is liable for any injuries proximately caused by Defendants CADE, WELLS, ANTHONY and DOES 1-9 under California Government Code §815.2(a).

## EIGHTH CAUSE OF ACTION

**Assault and Battery – California State Law Tort Claim**

**(Against Defendants CADE, WELLS, ANTHONY and DOES 1-9)**

104.   Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

105.   Defendants CADE, WELLS, ANTHONY and DOES 1-9 touched, or caused Plaintiff to be touched, with the intent of harming or offending him when they arrested Plaintiff.

106.   When Plaintiff was arrested, he was in line to order food at a restaurant and was no longer engaging in expressive activity. Despite Plaintiff posing no physical threat (either to the officers to anyone else), mall security handcuffed Plaintiff in full view of, and with the consent of, Defendants CADE, WELLS, ANTHONY and DOES 1-9.

107.   After mall security forcibly took Plaintiff to the security office, Defendants CADE, WELLS, ANTHONY and DOES 1-9 took physical custody of Plaintiff and took him to jail.

108.   Defendants CADE, WELLS, ANTHONY and DOES 1-9 were aware Plaintiff and his attorneys believed he had a California constitutional right to engage in expressive activity at the Farmer's Market. If Defendants wished to charge Plaintiff criminally, they could have given him a notice to appear without physically arresting him, which was completely unnecessary and amounted to excessive force under the circumstances.

109. As such, the degree of force used against Plaintiff was without probable cause, reasonable grounds, or other justification, thereby violating his dignity and bodily integrity, invading his privacy, and proximately and foreseeably causing him damage, injury, and loss.

110. Defendants' use of excessive force against Plaintiff was, on information and belief, performed with the intent to 'teach a lesson' to Plaintiff as a result of Plaintiff's insistence on exercising his right to pass out leaflets in the Farmer's Market plaza.

111. At no time did Plaintiff consent to Defendants' touching.

112. Plaintiff was harmed and offended by the conduct of CADE, WELLS, ANTHONY and DOES 1-9, and a reasonable person in Plaintiff's situation would have been offended by Defendants' touching of Plaintiff.

113. Under California Government Code §820(a), public employees like Defendants CADE, WELLS, ANTHONY and DOES 1-9 are liable to Plaintiff for injury caused by their acts and omissions to the same extent as private persons would be for the same conduct.

114. Defendants CADE, WELLS, ANTHONY and DOES 1-9 were acting within the course and scope of their employment with Defendant CITY when they used excessive force in arresting Plaintiff. Accordingly, Defendant CITY is liable for any injuries proximately caused by Defendants CADE, WELLS, ANTHONY and DOES 1-9 under California Government Code §815.2(a).

## NINTH CAUSE OF ACTION

### Negligence

### (Against Defendants CADE, WELLS, ANTHONY, BECK and DOES 1-20)

115. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

116. California Civil Code §1714(a) states, "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to

1 | another by his or her want of ordinary care or skill in the management of his or
2 | her property or person . . ."

3 |     117.   California tort law defines negligence as follows:

4 | Negligence is the failure to use reasonable care to prevent harm to
5 | oneself or to others.  A person can be negligent by acting or by failing
6 | to act.  A person is negligent if he or she does something that a
7 | reasonably careful person would not do in the same situation or fails
8 | to do something that a reasonably careful person would do in the same situation. (CACI No. 401 (Basic Standard of Care).)

9 |     118.   In committing the acts and omissions described herein above,
10 | Defendants, and each of them, knew or in the exercise of reasonable care should
11 | have known that their acts and omissions likely would result in Plaintiff suffering
12 | harm.

13 |     119.   As peace officers of the CITY and employees of the LAPD,
14 | Defendants CADE, WELLS, ANTHONY and DOES 1-9, had a duty to avoid
15 | battering, harassing, falsely arresting and imprisoning Plaintiff, and placing
16 | handcuffs too tightly on Plaintiff's wrist such that the handcuffs caused plaintiff to
17 | experience pain.  These Defendants further had a duty to obey all state, local and
18 | federal laws and to avoid exceeding the scope of their authority in their dealings
19 | with Plaintiff.

20 |     120.   In performing the acts and omissions set forth herein, Defendants
21 | CADE, WELLS, ANTHONY and DOES 1-9 breached this duty of care they owed
22 | to Plaintiff, and their  negligence was a substantial factor in causing Plaintiff's
23 | harm.

24 |     121.   The CITY, BECK and all DOE LAPD officers who supervised
25 | Defendants CADE, WELLS, ANTHONY and DOES 1-9 had a duty to properly
26 | supervise, train, and control their subordinate officers to prevent the type of harm
27 | suffered by Plaintiff.

28 |

122.   The tortious conduct of these Defendants includes, but is not limited to, ratifying the illegal arrest and excessive force of Defendants CADE, WELLS, ANTHONY and DOES 1-9 against Plaintiff and failing to properly train LAPD officers (including CADE, WELLS, ANTHONY and DOES 1-9) on the applicable trespassing laws.

123.   Defendants CITY, BECK and DOES 10-20 breached this duty of care owed to Plaintiff, and their negligence was a substantial factor in causing the harm suffered by Plaintiff.

### TENTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

**(Against CADE, ANTHONY, WELLS and DOES 1-9)**

124.   Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

125.   Based on the conduct alleged above, Defendants, and each of them, while in the course and scope of their employment and thereby under color of law, committed the acts and omissions alleged herein.

126.   Despite Plaintiff's innocence of any criminal conduct and the absence or probable cause, defendants unlawfully and illegally detained, used excessive force against, injured, arrested, and wrongfully imprisoned Plaintiff.  All of the acts and omissions alleged herein were performed while the individual defendants were acting within the course and scope of their employment and thereby under color of law.

127.   The conduct of Defendants, and each of them, was intentional, outrageous, unprivileged, and malicious and was committed for the purpose of causing Plaintiff to suffer, or with the knowledge that Plaintiff was certain to suffer humiliation, mental anguish and emotional and physical distress.  In doing the things herein alleged, Defendants, and each of them, acted willfully and with callous and reckless disregard for the rights, safety, and health of Plaintiff.

128.   Defendants are liable by virtue of the fact that they committed the acts and omissions, or have ratified and confirmed the acts and omissions, set forth herein against Plaintiff, acting with knowledge that Plaintiff's physical and emotional distress would thereby increase. As such, their actions in ratifying and condoning said conduct were undertaken with a wanton and reckless disregard for the consequences to Plaintiff.

129.   As a further proximate result of Defendants' acts as herein alleged, Plaintiff suffered severe humiliation, mental anguish and emotional and physical distress, and has been injured in mind and body, all to Plaintiff's damages in an amount in excess of the jurisdictional limits of this Court.

## ELEVENTH CAUSE OF ACTION

### Ratification

### (Against CITY, BECK and DOES 10-20)

130.   Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

131.   On information or belief, Defendants CITY, BECK and DOES 1-20 ratified the unlawful arrest of Plaintiff and took no corrective action against Defendants CADE, ANTHONY, WELLS or DOES 1-9.

## TWELFTH CAUSE OF ACTION

### Declaratory and Injunctive Relief

### (Against All Defendants)

132.   Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint as though each were set forth herein in full.

133.   Defendant CITY's policies, practices and customs that have caused the violations complained of herein have resulted in, and will continue to result in, irreparable injury to Plaintiff, including, but not limited to further violations of his statutory and constitutional rights.

134.   Plaintiff has no plain, adequate or complete remedy at law to address the wrongs described herein.

135.   Defendants' conduct described herein has created uncertainty among Plaintiff and other similarly situated individuals with respect to Plaintiff's ability to exercise these legally guaranteed rights.   Specifically, Plaintiff is concerned that, if arrested, he will again be denied the liberty interest codified in California Penal Code §853.6 and will be detained until his arraignment unless and until he posts a monetary bond.

136.   Plaintiff therefore seeks injunctive relief from this Court, to ensure that Plaintiff and persons similarly situated will not suffer violations of their rights from Defendants' illegal and unconstitutional policies, customs and practices as described herein.

137.   Specifically, Plaintiff seeks an injunction enjoining Defendants from arresting him for trespass, in the absence of a lawful court order or an actual violation of a criminal statute, while he is engaged in peaceful expressive activity (including, but not limited to, passing out flyers) in areas at the Mall that are open to the public.

138.   Plaintiff also seeks injunctive relief in the form of an order requiring that the CITY do the following:  (1) seal and destroy any records derived from Plaintiff's arrests, including fingerprints, photographs, cell phone data, and other identification and descriptive information, and all information, and biological samples and information obtained Plaintiff; (2) identify to Plaintiff all entities and agencies to which such information has been disseminated; and (3) collect and destroy any and all such records that have been disseminated to any other entity, agency, or individual.

139.   An actual controversy exists between Plaintiff and Defendants in that Plaintiff contends that the policies, practices and conduct of Defendants alleged herein are unlawful, unconstitutional, whereas Plaintiff is informed and believes

and thereon alleges that Defendants contend that said policies, practices and conduct are lawful and constitutional.  Plaintiff seeks a declaration of rights with respect to this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1)  For general and special compensatory damages (including direct, indirect, and emotional damages), presumed damages, and nominal damages, in excess of the jurisdictional minimum of $25,000, in amounts to be determined by the trier of fact, against all Defendants.

(2)  For punitive and exemplary damages against Defendants CADE, WELLS, ANTHONY and DOES 1-9 only, in amounts to be determined by the trier of fact.

(3)  For past and future medical expenses, if any, in amounts to be determined by the trier of fact, against all Defendants.

(4)  For three times the actual damages awarded, and for a civil penalty of $25,000 for each violation which occurred, pursuant to Cal. Civil Code §§ 52.1 and 52(a) and (b), against all Defendants.

(5)  For a temporary restraining order, preliminary injunction and permanent injunction to prevent Defendants from continuing to arrest Plaintiff or any other member of the public for engaging in peaceful expressive activity on property that is held open to the public in the absence of a lawful court order or actual statutory violation.

(6)  For reasonable attorney's fees and costs and expenses of litigation, pursuant to CCP §1021.5, Civil Code §52(b)(3), Civil Code §51-52, 42 United States Code §§1983-1988, and any other relevant statutory or case law, against all Defendants.

(7)  For any and all other relief, including interest, to which Plaintiff may be entitled under the law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to each and every cause of action against each and every defendant.

SIMON LAW GROUP

Dated:   October 30, 2014        By: _____

BRYAN PEASE
Attorneys for Plaintiff Brian Han

29
COMPLAINT

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| BRIAN HAN | CITY OF LOS ANGELES; Los Angeles Police Chief CHARLIE BECK; Los Angeles Police Detective II RONALD CADE; Los Angeles Police Officer WELLS; Los Angeles Police Officer ANTHONY; and DOES 1-20, inclusive, |

| (b) County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant   Los Angeles |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys (*Firm Name, Address and Telephone Number*)  If you are representing yourself, provide the same information. | Attorneys (*Firm Name, Address and Telephone Number*)  If you are representing yourself, provide the same information. |
|---|---|
| David Simon, 3843 S. Bristol St., Suite 294, Santa Ana, CA 92704  Bryan Pease, 302 Washington St. #404, San Diego, CA 92103 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. §1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☒ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**      Case Number:      LACV14-8582

CV-71 (10/14)                    CIVIL COVER SHEET                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | | Southern |
| | ☐ Riverside or San Bernardino | | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1.** Is there at least one answer in Column A? | **D.2.** Is there at least one answer in Column B? |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO          ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐  A.  Arise from the same or a closely related transaction, happening, or event;

☐  B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐  A.  Arise from the same or a closely related transaction, happening, or event;

☐  B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____          DATE:  Oct. 30, 2014

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |