1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11  BRIAN HAN,

12                                    Plaintiff,

13

14          vs.

15  CITY OF LOS ANGELES; LOS
    ANGELES POLICE CHIEF CHARLIE
16  BECK; LOS ANGELES POLICE
    DETECTIVE II RONALD CADE; LOS
17  ANGELES POLICE OFFICER WELLS;
    LOS ANGELES POLICE OFFICER
18  ANTHONY; and DOES 1-20; inclusive,

19

20                                    Defendants.
    _____

CASE NO.: **CV14-08582 DDP (AJWx)**
*Hon. Dean D. Pregerson, Ctrm. 3*
*Mag. Andrew J. Wistrich, Ctrm. 690, Roybal*

**PROTECTIVE ORDER REGARDING
DISCLOSURE OF CONFIDENTIAL
INFORMATION**

**(RELATED INTERNAL
AFFAIRS INVESTIGATION)**

21
22          Whereas counsel for the parties have discussed the mutual exchange of documents

23  in this litigation,  Defendants, through their counsel of record,  have agreed to produce

24  certain confidential information in this litigation, and therefore, the parties have stipulated

25  to the following terms and conditions, the Court hereby orders as follows:

26          1.      In accordance with the above-referenced agreement, the City of Los Angeles

27  has agreed to produce copies of the following documents following the issuance of a

28  protective order in this matter:

**a)** **The City has agreed to produce the related Internal Affairs investigation which pertains to Mr. Han's arrest on January 19, 2014.**

**b)** **The City has also agreed to produce any existing recorded statements taken in connection with the Internal Affairs investigation, which must be purchased by Plaintiff at the cost of $10.00 per CD Rom. Alternatively, Plaintiff may provide the City with unopened CD Roms in order to obtain the recorded statements.**

## GOOD CAUSE STATEMENT

2.     The Los Angeles Police Department conducts internal administrative investigations of Officer Involved Uses of Force and Complaint Investigations (hereinafter "Administrative Investigations") and also maintains a personnel file on its officers which includes personnel training information.[1]   Once an Administrative Investigation is initiated, a formal investigation number is prepared. Such investigations are reviewed by appropriate command officers in the Department. This review has several purposes: (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; and (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc. should be modified. Administrative Investigations are an essential aid to providing critical evaluation of Department officers and policies, and to determine the most effective way to serve the citizens of Los Angeles. Administrative Investigations are not public records and include personal information regarding accused officers as well as complainants. The personal information usually includes the officer's date of birth, as well as that of the complainant. Often, Administrative Investigations also include a complainant's address, telephone number and sometimes social security number.

---

[1]   There is no related Use of Force investigation.

3.      The parties agree that this information contained in paragraph 1 and all subparts is confidential in nature and properly the subject of a protective order.

### III.

### TERMS OF THE PROTECTIVE ORDER

4.      If the Protective Order is issued, Defendants will produce the above-referenced documents wherein the documents will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect.  Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

5.      Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

6.      Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a)     Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

(b)     Such other parties as may be agreed by written stipulation among the parties hereto, or by Court order.

7.      Prior to the disclosure of any Confidential Information to any person described in paragraph 6(a) or 6(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order.  I have read the Order and agree to be bound by its terms with respect to the handling, use and

3

disclosure of such Confidential Information.

Dated: _____/s/_____"

8.      **Upon the final termination of this litigation, including a settlement or jury verdict, or entry of judgment by the Court against either Plaintiff or one or more of the Defendants, Plaintiff shall have 14 calendar days by which to return to the Los Angeles City Attorney's Office, all confidential information which is unrelated to the Plaintiff's arrest, as identified in paragraph 1 and its subparts herein.  As for the second of two related Internal Affairs investigations, which is also the subject of this Stipulation, the same 14-day period applies with the exception of a jury verdict in favor of the defense wherein Plaintiff files a motion for new trial and/or motion for judgment as a matter of law and/or notice of appeal.  In the event Defendants prevail at trial, the Plaintiff will have 14-days after the resolution of Plaintiff's post-verdict motions and/or appellate proceedings, to return the second related Internal Affairs investigation to the Los Angeles City Attorney's Office.** Further, the Stipulation for Protective Order set forth herein requires written confirmation from Plaintiff's counsel that all materials are being returned pursuant to the terms of this Stipulation and the District Court's order on this Stipulation.

9.      If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.   Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants.  However, in no event should production or disclosure be made without written approval by the Defendants' counsel unless required

4

1   by court order arising from a motion to compel production or disclosure of Confidential

2   Information.

3         10.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or other

4   written submissions to the Court in this litigation which contain, reflect, incorporate or

5   refer to Confidential Information shall be **submitted with an application that the**

6   **document be filed and maintained under seal either pursuant to Ex Parte**

7   **Application and Order of the Court or Stipulation of the parties and Order of the**

8   **Court. (Local Rule 79-5, et seq.).  Good cause for the under seal filing must be**

9   **shown.** If a document or pleading submitted to the Court, as described in this paragraph,

10  makes only a general reference to any document or information contained therein covered

11  by this protective order, but does not quote or describe its contents in any specific way,

12  and does not include the protected document itself, then the party or parties need not enter

13  into a Stipulation or otherwise seek an order to file the documents under seal.  **<u>In</u>**

14  **<u>entering into a Stipulation for the filing of Confidential Information under seal,</u>**

15  **<u>neither one of the parties waives its right to object to the admissibility of said</u>**

16  **<u>information in connection with that proceeding or to move to exclude said</u>**

17  **<u>information prior to or during the time of trial.</u>**

18        11.    The parties agree that the spirit of confidentiality as protected in this order

19  will apply to all proceedings.  To that end, before any protected document or any

20  information derived therefrom is to be put forward, admitted into evidence, discussed in

21  detail or otherwise publicized in Court, the party raising the protected document will

22  inform the other parties and allow for a motion to the Court to close the proceedings to

23  the public.

24        12.    Nothing herein shall prejudice any party's rights to object to the introduction

25  of any Confidential Information into evidence, on grounds including but not limited to

26  relevance and privilege.

27        13.    <u>During the course of depositions, when counsel makes an objection to a</u>

28  <u>question concerning a protected document or information contained therein, which is the</u>

subject of this Stipulation and protective order, or concerning a general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses (as identified in Paragraph 3(a) herein) may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order.  Any documents deemed confidential pursuant to this protective order will be sealed, if they are used as exhibits in any deposition.  This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

14.     Each person receiving or reviewing Confidential Information must consent to the jurisdiction of the United States District Court for the Central District of California, including the Magistrate Judge assigned to this case,  with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt and/or monetary sanctions

15.     This Protective Order survives until the time the commencement of trial.  The parties hereto, however, may make a request to the District Judge, in advance of trial, that the Confidential Information disclosed pursuant to the Protective Order remain confidential and/or be kept and maintained pursuant to the terms of the Protective Order.

16.     This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document.  Defendants will lodge this executed Stipulation with the Court for approval.

***IT IS SO ORDERED.***

Dated: _August 19_, 2015          By:_____

**HONORABLE ANDREW J. WISTRICH**
**UNITED STATES MAGISTRATE JUDGE**

6